FILED

2012 Feb-28  PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KBC ASSET MANAGEMENT NV, on behalf of itself and all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.:  2:11-cv-04323-JEO** |
| **v.** | ) ) | |
| **DONALD M. JAMES, et al.,** | ) ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendants' Motion to Transfer Venue (doc. 21), filed February 1, 2012.  In their motion, Defendants seek to have this case transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  Upon consideration of the pleadings, briefs, and evidentiary submissions, and after a hearing on the matter, the court concludes that Defendants' motion is due to be granted.

## I.      Background

This case arises out of Vulcan's Board of Directors' (the "Board") response to the December 12, 2011, exchange offer proposed by Marietta Materials, Inc.  (Doc. 28 at ¶ 1). Dissatisfied with the response of the Board, Plaintiff KBC Asset Management NV ("KBC") filed suit on December 27, 2011, against the Board and Vulcan Materials Company ("Vulcan"). (Doc. 1).  On February 8, 2012, it amended the complaint, which now seeks relief on behalf of "all holders of Vulcan common stock who are being and will be harmed by Defendants' actions described herein (the 'Class').  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendants."  (Amended

Complaint, Doc. 28 at ¶ 55).  Plaintiff's complaint contains the following causes of action:
(1) Breach of Fiduciary Duties Against the Individual Defendants; (2) Violations of § 14(a) of the
1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and
Vulcan; and (3) Violation of § 20(a) of the 1934 Act Against the Individual Defendants and
Vulcan.  (Doc. 28).

Plaintiff in this case is a Belgian corporation that is a current shareholder of Vulcan stock.
(Doc. 28 at ¶ 14).  Vulcan is a New Jersey Corporation with its corporate headquarters located in
this District. (*Id.* at ¶ 15).  Of the eleven individual Board members, only one resides in Alabama.
(Doc. 29 at 7).  Plaintiff alleges that Martin Marietta's "attempts to negotiate a merger" were
centered in Alabama and that "most sources of evidence, including documents and important
witnesses, are present in this venue." (Doc. 29 at 2).

The exchange offer that serves as the basis for this law suit has also led to the filing of
numerous other actions across the country.  Particularly of interest are three shareholder actions
currently pending in the District of New Jersey. (*City of Southfield Police and Fire Retirement
System v. Phillip J. Carroll, Jr., et al.,* No. 2:11-cv-7416-WJM-MF (filed December 21, 2011)
(Doc. 22-2); *Louisiana Municipal Police Employees Retirement System v. Phillip J. Carroll, Jr.,
et al.,* No. 2:11-cv-7571-WJM-MF (filed December 28, 2011) (Doc. 22-4); and *Stationary
Engineers Local 39 Pension Trust Fund v. Philip J. Carroll, Jr., et al.*, No. 2:12-cv-00349-WJM-
MF (filed January 19, 2012) (Doc. 22-5).  Two of those actions (the *City of Southfield* action and
the *Louisiana Municipal Police* action) have been consolidated as *In Re: Vulcan Materials
Company Shareholder Litigation*, No. 2:11-07416(WJM)(MF) ("*In Re: Vulcan*") and the third is
expected to be consolidated with the other two (*In re: Vulcan Materials Company Shareholder*

*Litigation*, 2:11-07416, Doc. 28) ("Any civil actions filed in this District as 'related actions' or raising the same or substantially similar claims shall also be consolidated with the foregoing Consolidated Actions.").  Notably, all three of the New Jersey actions are proceeding on behalf of others similarly situated. Both cases proceeding as *In Re:Vulcan* seek damages for breach of fiduciary duty against the individual defendants on "behalf of all other holders of Vulcan's common stock (except Defendants herein and any persons, firm, trust, corporation or other entity related to or affiliated with them and their successors in interest) who are or will be threatened with injury arising from Defendants' wrongful actions, as more fully described herein (the 'Class')."  (Docs. 22-2, 22-3).  The *Stationary Engineers* Plaintiff has filed a derivative action "on behalf of all stockholders of Vulcan, except Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants, who are threatened with injury arising from Defendants' actions as is described more fully below (the 'Class')". (Doc. 22-5).  The *Stationary Engineers* Plaintiff also seeks relief for breach of fiduciary duties against the individual defendants. (*Id* at ¶¶ 69-75).

## II.    Analysis

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Determining whether a case should be transferred under § 1404(a) is a two part inquiry: first, the court must determine whether the case could have been brought in the proposed transferee district and second, the court must then determine whether a transfer to that district would be more convenient for the parties and witnesses and in the interest of justice.  *Id.*  The parties agree that the first prong of this test is

met: this case could have been brought in the District of New Jersey. (Doc. 29 at 4) ("Plaintiff concedes that the first prong of the test is met.").  Thus, the question that remains is whether a transfer would be convenient for the parties and witnesses and in the interest of justice.

When analyzing this question, "courts 'generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency.'" *C.M.B Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1286-87 (M.D. Ala. 2005) (quoting *Lasalle Bank v. Mobile Hotel Properties*, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003).  Further,

> "[t]he presence of related proceedings in the transferee court is also a factor to be considered by the court, see *Martin v. South Carolina Bank*, 811 F. Supp. 679, 687 (M.D.Ga.1992), and some courts have indicated this factor may be more important than the three set out in Section 1404(a), *see, e.g.*, *Mirasco v. American National Fire Insurance, Co.*, No. 1:00-cv-947-ODE, 2000 WL 34440850, *5 (N.D. Ga. July 5, 2000) ('The most persuasive reason for transferring this action is that a related action involving the same issues is pending in the [transferee court].'), and *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286 (E.D. Pa.2001) ('[The presence of a related case] is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest the opposite.')."

*Hoffman v. Medquist, Inc*, No. 1:04-CV-3452-WSD, 2005 WL 3095713, * 2 (N.D. Ga. Nov. 16, 2005).  This is often called the first-filed rule.

While deciding whether to transfer a case is governed by § 1404(a), "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule....  We are no exception." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th

4

Cir. 2005) (internal citations omitted).  Under the first-filed rule, the Eleventh Circuit requires "that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Id.*  "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla.1998).

Here, it is clear there are multiple lawsuits, including the instant lawsuit, where each plaintiff purports to act on behalf of a class of Vulcan shareholders to sue the Vulcan Board members for breach of their fiduciary duties.  In fact, Plaintiff admits that this case "involves the same substantive and procedural issues as the shareholder actions filed in the District of New Jersey." (Doc. 29 at 8) (internal quotation marks omitted).  Further, because the actions involve substantially the same parties, namely a class of Vulcan shareholders and the Vulcan Board members, it is clear that the first-filed rule should apply.  Of the four pending shareholder actions, the first filed is *City of Southfield Police and Fire Retirement System v. Phillip J. Carroll, Jr., et al.,* No. 2:11-cv-7416-WJM-MF (filed December 21, 2011).  Accordingly, KBC (the party objecting to jurisdiction in the first-filed forum) bears the burden of proving compelling circumstances to warrant an exception to the rule. *See Manuel*, 430 F.3d at 1135.

Plaintiff simply argues that "[s]uch circumstances are present here" (doc. 29 at 9), but fails to explain what those circumstances are or show that they are compelling in such a way that the first-filed rule should not apply.[1]  In the hearing on this motion, Plaintiff argued that

---

[1] Plaintiff's brief and argument during the hearing on this motion alluded to the fact that Defendants were forum shopping.  This is based on the notion that, prior to this lawsuit being filed, Vulcan sued Martin Marietta in this forum, but in this case seeks a different forum.  However, Vulcan did not choose to litigate this distinct lawsuit in the Northern District of Alabama, Plaintiff did.  Further, Vulcan is not the only defendant in this lawsuit.  In fact, there are eleven named individuals who are not parties to the litigation pending in this District between Vulcan and Martin Marietta.  In short, this court finds the notion that Defendants are forum shopping unavailing.

5

Plaintiff's choice of forum was compelling and that once the court transfers this case it loses jurisdiction. However, these facts are simply not compelling. In fact, these facts are present in every case where a Defendant seeks a transfer. Thus, it is clear that Plaintiff fails to carry its burden of showing that compelling circumstances warrant an exception to the rule.

Additionally, even if the court were not to apply the first-filed rule, this case is still due to be transferred for the convenience of the parties and in the interest of justice. Clearly there are several factors in favor of the current venue. First, it is Plaintiff's forum of choice. Nevertheless, while that choice is usually given considerable deference, that deference is significantly lessened in class action cases, such as the case here.[2] *Koster v. Lumbermens Mutual Cas. Co.*, 330 U.S. 518, 524 (1947). *See also Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1295 (S.D. Ala. 2001) ("Although a plaintiff's choice of forum generally should not be lightly disturbed, the weight accorded to [plaintiff's] choice of forum is considerably reduced by virtue of the fact that he brought his challenge as a class action."). Further, Plaintiff asserts that the Northern District of Alabama is not inconvenient for the parties and witness. Even assuming that to be true, that, and Plaintiff's choice of forum is still clearly outweighed by the judicial economy that comes from transferring this case to the District of New Jersey.

There, the court has consolidated two of the three pending cases and has already ordered

---

[2] Defendants also argue that Plaintiff's choice of forum is entitled to less weight because (1) Plaintiff does not reside in this forum and (2) the governing law of the case is New Jersey law, thus the District Court in New Jersey is better suited to hear the case. (Doc. 22 at 10). While the cases cited to support these contentions are either based on forum non conveniens, or cite to cases that are based on forum non conveniens, *see LaPenna v. Cooper Tire & Rubber Co.*, No. 2:10-cv-1018, 2011 WL 2669469 at * 4 (M.D. Ala. July 7, 2011)(citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) and *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1333 (11th Cir. 2011), they are persuasive when addressing a motion to transfer under § 1404(a). Here, the fact that Plaintiff seeks to bring claims on behalf of a class of shareholders is sufficient to lessen the deference given to its choice of forum. However, the additional factors raised by Defendants also serve that same function.

expedited discovery. (Docs. 22-4, 22-6).  Further, simultaneous litigation in this case and the New Jersey cases would only lead to repetitive work on behalf of both courts and carries the potential of conflicting rulings.  To the extent Plaintiff argues that it would be more economical for this court to keep the case because then all relevant parties would be subject to the jurisdiction of one court, (doc. 29 at 8-9), that argument does not outweigh the clear benefits of a transfer.  First, this argument neglects the fact that there are three other Plaintiffs that seek relief on behalf of the shareholders that this court does not have jurisdiction over and that would likely be important to any discussion between the parties.  Further, even if this case does not proceed in Alabama, there is nothing preventing the shareholders from having continued discussions with the other relevant parties.

Here, the judicial economy of transferring this case to the District of New Jersey clearly outweighs the limited deference given Plaintiff's choice of forum (given that this case is styled as a class action) and any convenience of the parties and witnesses. However, the court does not need to reach the balancing test laid out in § 1404(a) in its decision to transfer this action because the first-rule is applicable.  Accordingly, Defendants' Motion to Transfer Venue (doc. 21) is due to be granted and this case is due to be transferred to the District of New Jersey.[3]  A separate order will be entered.

---

[3] It their motion, Defendants reserve their right to seek a stay of this action if their motion to transfer were denied.  While this eventuality did not come to pass, the court still wants to address why staying, as opposed to transferring, this case is not in the best interest of justice.  As noted by Defendants in the hearing on the motion to transfer, staying this case pending resolution of the New Jersey action would simply allow the losing party in New Jersey a second change to argue their case before this court.  It would allow the losing party a second bite of the apple and force the victorious party to litigate its position a second time.  This result is certainly not in the interest of justice.

**DONE** this 28th day of February, 2012.

_____

**JOHN E. OTT**
United States Magistrate Judge